Jared R. Richards, Esq.
Nevada Bar No. 11254
Dustin E. Birch, Esq.
Nevada Bar No. 10517
CLEAR COUNSEL LAW GROUP
1671 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89012
Telephone No.: (702) 476-5900
Facsimile No.: (702) 924-0709
jared@clearcounsel.com
dustin@clearcounsel.com
*Attorneys for Plaintiff*
*Alejandro Rosales*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALEJANDRO ROSALES, individually,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; and DOE OFFICERS I - XX,<br><br>Defendants. | CASE NO.:<br><br><br><br>**COMPLAINT** |

COMES NOW, Plaintiff, Alejandro Rosales, by and through his attorneys of record, Jared R. Richards, Esq. and Dustin E. Birch, Esq. of Clear Counsel Law Group, and hereby complains against Defendant, Las Vegas Metropolitan Police Department, as follows:

**INTRODUCTION**

1. This is a civil rights action brought by Alejandro Rosales against the Las Vegas Metropolitan Police Department and its officers for violations of Mr. Rosales' rights guaranteed by the United States Constitution while he lawfully filmed during a Black Lives Matter event by Metro officers.

///

2. Plaintiff, Alejandro Rosales, brings this action to seek relief for Defendants' violation of Mr. Rosales' rights protected by 42 U.S.C. § 1983 and by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Nevada Section 8, 9, 10, and 18 and the common law of the State of Nevada.

**PARTIES**

3. At all times herein mentioned, Plaintiff, Alejandro Rosales, is and was a resident of Clark County, Nevada.

4. Defendant Las Vegas Metropolitan Police Department is a political subdivision of the State of Nevada.

5. Defendant DOE Officers are officers of the Las Vegas Metropolitan Police Department acting under color of law and will be specifically identified once their identities are known to Plaintiff.

**JURISDICTION**

6. This Court has original jurisdiction in this civil rights action pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4).

7. The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§ 2201 and 2201 and Rule 57 of the Federal Rules of Civil Procedure.

8. Plaintiff invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a) to hear and adjudicate over any and all state constitutional and state law claims that share a common nucleus of operative fact with the claims within the original jurisdiction of this Court.

**VENUE**

9. Venue is appropriate in this matter under 28 U.S.C. § 1391 because all relevant facts giving rise to this action occurred in this Court's judicial district.

///

## STATEMENT OF FACTS

10. Plaintiff is a Facebook influencer and has a large following.

11. Mr. Rosales was filming a Black Lives Matter police barricade near the front of Casear's Palace on or about May 29, 2020.

12. While filming and talking to his Facebook followers regarding the Black Lives Matter activities taking place on the Las Vegas Strip, Plaintiff stepped into the street and began crossing the street within a crosswalk.

13. LVMPD Officers suddenly and without provocation rushed Plaintiff and threw him to the ground.

14. Plaintiff was subsequently arrested for violation of NRS 203.020 – Failure to Disperse.

15. While standing a reasonable and safe distance away, Mr. Rosales used a cellular telephone to record the event. This reasonable and safe distance ensured that Mr. Rosales was in no way interfering with the police activities.

16. Mr. Rosales' recording of the event was open and obvious.

17. Mr. Rosales is seeking damages in excess of $15,000.00.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983 and First and Fourteenth Amendments

### Against Doe Officers

18. Plaintiff repeats and realleges by reference all prior paragraphs as if fully set forth herein.

///

///

- 3 -

19. The conduct of Defendant Officers, described herein, while acting under color of state law, denied Mr. Rosales his rights to freedom of speech, assembly, and association guaranteed under the First and Fourteenth Amendments. Defendant Officer is therefore liable under 42 U.S.C. § 1983 which prohibits the deprivation under color of state law, of any rights, privileges or immunities guaranteed by the United States Constitution.

20. Defendant Officers violated Plaintiff's First Amendment right to assembly, speech and association by unlawfully denying Plaintiff's right to lawfully assemble in a public forum and curtailing and ultimately terminating his lawful assembly, subjecting him to false arrest and illegal excessive force, submitting false charges to the district attorney to deter Plaintiff from exercising his constitutional rights, and interfering with and violently ceasing his lawful and Constitutionally protected activity of observing and documenting police conduct in a public forum. Defendant Officers interfered with and chilled Plaintiff's exercise of free speech.

21. Defendant Officers' actions were done in retaliation for Plaintiff exercising his First Amendment rights and intentionally acted out of a bias against the content of Plaintiff's speech.

22. As a result of Defendant Officers' unlawful action, Plaintiff has suffered violation of his First and Fourteenth Amendment rights to free speech, assembly and association.

23. As a direct and proximate result of the Defendant Officers' unlawful conduct, Plaintiff has suffered physical, mental and emotional injury, and mental anguish, suffering, humiliation, embarrassment and deprivation of his Constitutional rights.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983 and Fourth and Fourteenth Amendments

### Against Doe Officers

24. Plaintiff repeats and realleges by reference all prior paragraphs as if fully set forth herein.

- 4 -

25. The conduct of Defendant Officers, described herein, while acting under color of state law, violated Mr. Rosales' right to be free from unreasonable search and seizure and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments. Defendant Officer is therefore liable under 42 U.S.C. § 1983 which prohibits the deprivation under color of state law, of any rights, privileges or immunities guaranteed by the United States Constitution.

26. As a direct and proximate result of Defendant Officers' unlawful conduct, Plaintiff has suffered physical, mental and emotional injury and mental anguish, suffering, humiliation, embarrassment and a deprivation of Constitutional rights.

### THIRD CLAIM FOR RELIEF

**42 U.S.C. § 1983 and Fourth and Fourteenth Amendments**

**Against Doe Officers**

27. Plaintiff repeats and realleges by reference all prior paragraphs as if fully set forth herein.

28. The conduct of Defendant Officers, as described herein, while acting under color of state law, violated Mr. Rosales' right to be free from excessive force pursuant to the Fourth and Fourteenth Amendments. Defendant Officers are therefore liable under 42 U.S.C. § 1983 which prohibits the deprivation under color of state law, of any rights, privileges or immunities secured by the United States Constitution.

29. As a direct and proximate result of the Defendant Officers' unlawful conduct, Plaintiff has suffered physical, mental and emotional injury and mental anguish, suffering, humiliation, embarrassment and a deprivation of Constitutional rights.

///

## FOURTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983 and Fifth and Fourteenth Amendments

### Against Doe Officer

30. Plaintiff repeats and realleges by reference all prior paragraphs as if fully set forth herein.

31. The conduct of Defendant Officers, as described herein, while acting under color of state law, denied Mr. Rosales of his right to be free from any deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments. Defendant Officers are therefore liable under 42 U.S.C. § 1983 which prohibits the deprivation under color of state law, of any rights, privileges or immunities secured by the United States Constitution.

32. As a direct and proximate result of Defendant Officers' unlawful conduct, Plaintiff has suffered, physical, mental and emotional injury and mental anguish, suffering, humiliation, embarrassment and deprivation of Constitutional rights.

## FIFTH CLAIM FOR RELIEF

### *(Monell Claim)*

33. Plaintiff repeats and realleges by reference all prior paragraphs as if fully set forth herein.

34. Defendant Las Vegas Metropolitan Police Department directly caused the constitutional violations suffered by Plaintiff and is liable for the damages suffered by Plaintiff as a result of the conduct of Defendant Officers.

35. The conduct of Defendant Officers was a direct consequence of de facto policies and practices implemented, condoned, fostered and tacitly sanctioned by Defendants which reflect a willful indifference to Plaintiff's constitutional rights.

36. The de facto policies and practices implemented, condoned, fostered and tacitly sanctioned by Defendants were a direct and proximate cause of Plaintiff's damages and injuries complained of herein.

37. Defendant Officers' actions were done willingly, knowingly, and with specific intent to deprive Plaintiff of his rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

38. These constitutional abuses and violations of Defendant Officers were directly and proximately caused by the policies and practices implemented, condoned, fostered and tacitly sanctioned by the Las Vegas Metropolitan Police Department.

39. By implementing, condoning, fostering and tacitly sanctioning these policies and practices, Defendant Las Vegas Metropolitan Police Department has failed to adequately supervise and train its officers, including the Defendant Officer.  As a result, Defendant Las Vegas Metropolitan Police Department has failed to adequately discourage constitutional violations on the part of its officers or to monitor and discipline its officers.

40. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered physical, mental and emotional injury, and mental anguish, suffering, humiliation, embarrassment and a deprivation of Constitutional rights.

**PRAYER FOR RELIEF**

Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

a. A declaration that Defendants' conduct violated the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution;

b. Injunctive relief against further Constitutional violations as described herein;

c. Pain and suffering as a result of Defendant's excessive force;

///

  d. Attorney's fees and costs of suit pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1920;

  e. Pecuniary relief for damages caused;

  f. Any such other and further relief as this Court may deem appropriate and equitable, including declaratory relief as may be required in the interests of justice.

### I. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 27th day of October 2021.

          CLEAR COUNSEL LAW GROUP

          /s/ Dustin E. Birch
          _____
          Dustin E. Birch, Esq.
          Nevada Bar No.: 10517
          1671 W. Horizon Ridge Pkwy, Suite 200
          Henderson, Nevada 89012
          *Attorney for Plaintiff Alejandro Rosales*