1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ALEJANDRO ROSALES,                          Case No. 2:21-CV-1973 JCM (BNW)

                            Plaintiff(s),                    ORDER

        v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,

                            Defendant(s).

Presently before the court is defendant Officers Bell-Brandz, McCary, Pelayo, Garcia, Von Goldberg, Butin, and Demarinis' (collectively "defendants") motion to dismiss, or in the alternative, motion for judgment on the pleadings.  (ECF Nos. 50; 51).[1]  Plaintiff Alejandro Rosales filed a response (ECF Nos. 56; 57), to which defendants replied.  (ECF Nos. 58; 59).

I.      **Background**

        This is a civil rights action arising from an encounter between plaintiff and Las Vegas Metropolitan Police Department's ("LVMPD") officers.  The following allegations are taken from plaintiff's amended complaint.  (ECF No. 38, Ex. 1).

        On May 29, 2020, plaintiff was standing outside Caesars Palace near a police barricade filming a Black Lives Matter protest on the Las Vegas Strip.  (*Id*. at 3-4).  When plaintiff began to cross the street, defendants threw him to the ground and arrested him for violating NRS 203.020.  (*Id.*).

        [1]  Defendants filed duplicative motions.  (ECF No. 50 and ECF No. 51).  Accordingly, ECF No. 51 is denied as moot.

James C. Mahan
U.S. District Judge

In October 2021, plaintiff filed the instant action against LVMPD and defendant officers. (ECF No. 1). The court dismissed plaintiff's only cause of action against LVMPD, a *Monell* claim, with prejudice. (ECF No. 21). Plaintiff's amended complaint charges defendants with four violations of 42 U.S.C. § 1983. (ECF No. 38, Ex. 1). Defendants now move to dismiss this action. (ECF No. 50).

## II.    Legal Standard

Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). This court also has the inherent power to sua sponte dismiss a case for lack of prosecution or compliance with court orders. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962); *Pagtalunan v. Galaza*, 291 F.3d 639, 640–43 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

When considering whether to dismiss an action for lack of prosecution, the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (citing *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). The court is not required to make explicit findings on each of these factors. *Ferdik*, 963 F.2d at 1261.

## III.   Discussion

Defendants argue that the court should dismiss this action under Fed. R. Civ. P. 41(b) for lack of prosecution. (ECF No. 50). The first two factors from *Malone* weigh in favor of dismissal. This action was filed over three years ago. (ECF No. 1). It is not in the interest of the

public or the court to allow plaintiffs to "file-and-forget" or allow cases to sit idle on the court's docket for years.  *Local Ad Link, Inc. v. Adzzoo, LLC*, No. 2:09-CV-01564-GMN, 2010 WL 3636173, at *5 (D. Nev. Sept. 9, 2010).

Moreover, it is unlikely that this action will be expeditiously resolved on its merits. Plaintiff has not engaged in discovery, filed dispositive motions, or appeared in this action since May 2023.  *See Anniversary Mining Claims, LLC v. Five Star Tr. dtd 5/27/2015*, No. 2:19-CV-01781-JAD-VCF, 2022 WL 2160982 (D. Nev. June 14, 2022) (dismissing an action with prejudice when plaintiffs failed to file a discovery plan for two years).

The third and fourth factors also weigh in favor of dismissal.  While the court favors disposing of cases on their merits, a dismissal for failure to prosecute is ordinarily an on-the-merits determination.  *Id.* at 2.  Further, because plaintiff appears to have abandoned this action, he caused undue delay that has continuously prejudiced defendants.

Plaintiff contends that personal events and staff changes justify an extension for submitting a discovery plan.  (ECF No. 56).  However, he has still failed to take any action in this case for over a year.  Such unreasonable delay creates a presumption of injury to defendants. *See Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citing *Alexander v. Pacific Maritime Association*, 434 F.2d 281, 283 (9th Cir.1970)).

The fifth factor, the availability of less drastic sanctions, weighs in favor of dismissal with prejudice.  To properly assess this factor, the court must consider the "impact of the sanction" and "adequacy of less drastic sanctions."  *Malone*, 833 F.2d at 131.

The court, after considering lesser sanctions, finds that they would be ineffective as this action has been pending for over three years.  *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).   Given the substantial prejudice to

**James C. Mahan**
**U.S. District Judge**

1   defendants, dismissal without prejudice would be inadequate because it is "one of the lightest

2   sanctions available."  *McDermott v. Palo Verde Unified Sch. Dist.*, 638 F. App'x 636, 638 (9th

3   Cir. 2016).  Here, defendants are prejudiced because they have been "forced to remain on guard

4   for litigation" for over three years.  *Anniversary Mining Claims*, 2022 WL 2160982 at *2.

5

6          The Ninth Circuit will affirm dismissal when at least four factors support it, or at least

7   three factors "strongly" support it.  *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th

8   Cir.1998).  Here, the court finds that all five factors weigh in favor of dismissal.  Thus, dismissal

9   with prejudice is the appropriate sanction.  Moreover, because the court dismisses this action

10  pursuant to Fed. R. Civ. P. 41(b), defendant's motion for judgment on the pleadings (ECF No.

11  50) is denied as moot.

12

13  **IV.    Conclusion**

14         Accordingly,

15         IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to

16  dismiss (ECF No. 50) be, and the same hereby is, GRANTED.

17

18         IT IS FURTHER ORDERED that defendant's motion for judgment on the pleadings (*Id.*)

19  is DENIED as moot.

20          IT IS FURTHER ORDERED that defendant's duplicate motion (ECF No. 51), be and

21  the same hereby is, DENIED as moot.

22

23         IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.  The clerk

24  of the court is INSTRUCTED to enter judgment and close this case.

25         DATED November 14, 2024.

26

27                                                    _____
                                                      UNITED STATES DISTRICT JUDGE
28

James C. Mahan
U.S. District Judge                                   - 4 -